UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

SWEET LEMON, INC. d/b/a SWEET
LEMONS THAI RESTAURANT, and
PORNTHIP NEAMPONG,

Defendants.

Civil Action No. 1:20-cv-12217

December 14, 2020

**Injunctive relief sought**

## COMPLAINT

From November 12, 2016 to at least November 9, 2019, Defendants Sweet Lemon, Inc.

d/b/a Sweet Lemons Thai Restaurant and Pornthip Neampong (collectively, the "Defendants")

unlawfully kept their employees' tips, failed to pay their employees the overtime premium

required under federal law, and failed to keep complete and accurate employment records. In

addition, during the investigation of Defendants' wage and hour practices conducted by Plaintiff

Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"),

Defendants unlawfully retaliated against their employees who cooperated or were about to

cooperate with the Secretary's investigation. The Secretary therefore brings this action to enforce

the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the

"Act") that Defendants have violated.

Specifically, the Secretary seeks an order from this Court: (a) enjoining Defendants from

violating Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211,

215(a)(2), 215(a)(3), and 215(a)(5), pursuant to Section 17 of the FLSA, 29 U.S.C. § 217;

(b) awarding to Defendants' employees the tips Defendants kept from them, the unpaid overtime compensation that Defendants owe to them, and liquidated damages, pursuant to Sections 3(m)(2)(B), 7(a)(1), 15(a)(2), and 16(c) of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 207(a)(1), 215(a)(2), and 216(c); and (c) awarding punitive damages for Defendants' unlawful retaliation against their employees, in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

<u>Plaintiff Secretary of Labor</u>

3.      The Secretary is vested with the authority to file suit to restrain violations of the FLSA and recover withheld tips, back wages, and liquidated damages, and is the proper plaintiff for this action.

<u>Defendant Sweet Lemon, Inc. d/b/a Sweet Lemons Thai Restaurant</u>

4.      Defendant Sweet Lemon, Inc. d/b/a Sweet Lemons Thai Restaurant ("Sweet Lemon") is, and at all relevant times was, a corporation that operates as a full-service restaurant at 828 Washington Street, Weymouth, Massachusetts 02189, within this Court's jurisdiction.

5.      Sweet Lemon employs employees, including those who work as cooks, dishwashers, and servers.

6.      At all relevant times, Sweet Lemon set its employees' method and amount of pay, created policies for employee compensation, and maintained some employment-related records.

7.      At all relevant times, Sweet Lemon set the hours worked by its employees, supervised employees' work, and had the power to hire and fire them.

<u>Defendant Pornthip Neampong</u>

8.      Defendant Pornthip Neampong ("Neampong") is, and at all relevant times was, an owner, officer, and director of Sweet Lemon.

9.      At all relevant times, Neampong actively managed and directed the day-to-day operations of Sweet Lemon.

10.     Neampong made all business decisions related to Sweet Lemon's operations, set employees' rates of pay and the method by which employees were paid, determined when and how long employees worked, and maintained some employment-related records.

11.     Neampong's decisions and actions related to pay practices have affected the compensation received by Sweet Lemon's employees.

12.     Neampong has acted directly and indirectly in the interest of Sweet Lemon in relation to its employees, and therefore is and has been an employer of Sweet Lemon's employees within the meaning of the FLSA, *see* 29 U.S.C. § 203(d).

**Defendants Are an "Enterprise" Covered by the FLSA**

13.     Defendants are, and at all relevant times were, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

14.     From November 12, 2016 to at least November 9, 2019, Defendants employed employees, including those who are listed in the attached Exhibit A, in said enterprise.

15.     Defendants' enterprise is engaged in commerce or in the production of goods for commerce, which includes having employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16.     At all relevant times, Defendants' enterprise has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

17.     Defendants' employees have therefore been employed in this enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**Defendants' Wage and Hour Practices**

18.     Defendants have violated Sections 3(m)(2)(B), 7(a)(1), and 11(c) of the Act, 29 U.S.C. §§ 203(m)(2)(B), 207(a)(1), and 211(c), by improperly keeping front-of-the-house employees' tips, failing to pay employees the required overtime premium of one and one-half times their regular rates of pay for hours worked over 40 in a workweek, and failing to maintain true and accurate employment-related records. Therefore, Defendants are liable for tips and wages owed to employees and an equal amount of liquidated damages.

Defendants Kept Employees' Tips in Violation of Section 3(m)(2)(B) of the FLSA

19.     Section 3(m)(2)(B) of the Act provides that "[a]n employer may not keep tips received by its employees for any purposes . . . regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

20.     From March 23, 2018 to at least November 9, 2019, Defendants did not allow the servers they employed to keep the tips that the servers received from customers.

21.     Instead, from March 23, 2018 to at least November 9, 2019, Defendants improperly kept tips that customers had given to Defendants' servers.

22.     By keeping tips that were received by front-of-the-house employees, Defendants violated Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B).

<u>Defendants Failed to Pay Employees the Required FLSA Overtime Premium</u>

23.     The FLSA requires employers to compensate their employees "at a rate not less than one and one-half times the regular rate at which [they are] employed" for any hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1).

24.     When Defendants' employees worked more than 40 hours in a workweek, Defendants failed to properly compensate those employees for their overtime hours.

25.     Specifically, Defendants did not pay their employees one and one-half times the regular rate at which they were employed for their overtime hours worked.

26.     From November 12, 2016 to at least November 9, 2019, Defendants paid their back-of-the-house and front-of-the-house employees flat shift rates in cash.

27.     Defendants routinely paid to each employee wages in the amount of the employee's flat shift rate multiplied by the number of shifts the employee worked in a week.

28.     The flat shift rate did not vary based on the number of shifts that the employee worked in a week.

29.     The flat shift rate also did not vary based on whether the employee worked more or less than 40 hours in a workweek.

30.     Examples that show Defendants failed to pay employees the required overtime premium when employees worked over 40 hours in a workweek include the following:

a.  For the week ending on or about August 25, 2019, Defendants paid a back-of-the-house employee a shift rate of $110.00 in a non-overtime, 22-hour workweek. In the immediately preceding workweek, which ended on or about August 18, 2019, the employee worked 26 hours of overtime and also received a shift rate of $110.00. When the employee worked 15 hours of overtime in the week ending on or about June 30, 2019, the shift rate also remained at $110.00.

b.  For most of 2017, Defendants paid another back-of-the-house employee a shift rate of $100.00, whether the employee worked 15 hours of overtime or 26 hours of overtime in a workweek.

c.  In 2018 and 2019, Defendants paid a front-of-the house employee a shift rate of $100.00 for each 11-hour shift when the employee consistently worked 15 hours of overtime in a workweek.

d.  In the week ending on or about August 10, 2019, Defendants paid another front-of-the-house employee $100.00 for each 11-hour shift and $60.00 for each six-hour shift in a non-overtime, 34-hour workweek. In the next workweek, which ended on or about August 17, 2019, the employee worked five hours of overtime and still received the same shift rates of $100.00 for the 11-hour shifts and $60.00 for the six-hour shifts.

31.  Accordingly, Defendants violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay both back-of-the-house and front-of-the-house employees the required overtime premium for their overtime hours worked.

<u>Defendants Failed to Maintain Records Required by the FLSA</u>

32.     Pursuant to Section 11(c) of the Act, each employer "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). The specific records that must be maintained by employers are set forth at 29 C.F.R. Part 516 in regulations issued pursuant to the FLSA.

33.     From November 12, 2016 to at least November 9, 2019, Defendants did not maintain records of the name, address, sex, and occupation of each of the employees that they employed.

34.     Defendants did not keep accurate or complete records of when or how much employees were paid.

35.     Specifically, Defendants failed to keep accurate records of all employees' straight-time earnings, regular rates of pay for weeks in which employees worked more than 40 hours, total wages, and the date of payment and pay period covered by each payment.

36.     The incomplete payroll records that Defendants did maintain only included some of Defendants' employees.

37.     Defendants compensated all of their employees in cash from November 12, 2016 to at least November 9, 2019.

38.     Defendants required the few employees who were on the payroll to cash their checks and pay back the money, including taxes, to Defendants.

39.     Defendants failed to keep records that accurately reflected the number of hours worked by employees in each workweek.

40.     On multiple occasions, Defendants produced to the Secretary inaccurate time records, which consistently underreported the hours that employees actually worked.

41.     Defendants did not display at the restaurant a poster explaining the minimum wage and other protections under the Act.

42.     Defendants have therefore violated Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and regulations issued pursuant to that provision, specifically 29 C.F.R. §§ 516.2 and 516.4.

### Defendants' FLSA Violations Were Willful

43.     Defendants' violations of the FLSA were knowing, deliberate, and/or intentional, or were done with reckless disregard for the Act.

44.     Defendants did not maintain accurate or complete records of the cash payments they made to their employees or the hours employees worked.

45.     Instead, as described above, Defendants kept false and incomplete payroll records, which only included some of Defendants' employees.

46.     With respect to the employees who were listed on the payroll, Defendants' payroll records underreported their hours worked, often did not include hours worked over 40 in a workweek, and inflated employees' pay rates.

47.      Defendants' payroll records showed that servers did not receive any tips from customers, even though servers did receive tips but were not allowed to keep them.

48.     Defendants' actions of making off-the-books cash payments to employees and manipulating payroll records demonstrate that Defendants knew or showed reckless disregard for the fact that their pay practices violated the FLSA.

**Defendants Retaliated Against Employees in Violation of Section 15(a)(3) of the FLSA**

49.     Section 15(a)(3) of the Act prohibits "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the Act], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

50.     Defendants unlawfully retaliated against certain employees who cooperated or were about to cooperate with the Secretary's investigation by making those employees leave the restaurant when the Secretary's investigator was present, instructing them to lie to the Secretary's investigator, and coercing them into signing false statements.

51.     Neampong took actions to keep employees from participating in the investigation, including the following:

     a.   Neampong told certain employees not to work during the time that the Secretary's investigator was at the restaurant so that the investigator would not see them.

     b.   Before one of the investigator's arrival at the restaurant, Neampong instructed two employees to wait outside of the restaurant until the investigator left.

     c.   Neampong questioned at least one employee to try to find out which employees were talking to the Secretary's investigator and what those employees were saying.

52.     Neampong took steps, including the following, to discourage employees from providing truthful information to the Secretary's investigator:

    a.   Neampong told at least one employee to lie to the investigator about the number of hours the employee worked on a daily basis.

    b.   Neampong told at least one employee to give false information to the investigator about the amount of time that the employee had been working at Sweet Lemon.

    c.   Also during the investigation, Neampong made the servers sign false statements, which claimed that the signing servers did not receive tips. As discussed in more detail above, the servers did receive tips from customers, but Defendants unlawfully kept those tips.

53.     Neampong's actions to limit employees' participation in the Secretary's investigation and manipulate the information they provided to the investigator well might dissuade a reasonable worker from cooperating with an FLSA investigation or taking other steps to assert their rights under the FLSA.

54.     Defendants therefore unlawfully retaliated against their employees, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

**<u>COUNT ONE</u>**
**<u>Violations of Section 3(m)(2)(B) of the FLSA—Employers Retaining Tips</u>**

55.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

56.     From March 23, 2018 to at least November 9, 2019, Defendants violated Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B), because Defendants kept tips that had been earned and received by Sweet Lemon's servers.

57.     Defendants are therefore liable for the sum of all tips earned by certain employees listed in Exhibit A and kept by Defendants from March 23, 2018 to at least November 9, 2019, and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**COUNT TWO**
**Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Overtime**

58.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

59.     From November 12, 2016 to at least November 9, 2019, Defendants violated Sections 7(a)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them for their hours worked in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

60.     Defendants are therefore liable for the sum of the overtime compensation owed to certain employees listed in Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

**COUNT THREE**
**Violations of Sections 11(c) & 15(a)(5) of the FLSA—Failure to Make & Keep Records**

61.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

62.     From November 12, 2016 to at least November 9, 2019, Defendants failed to keep true, complete, and accurate records of employees' identifying information, the wages paid to each employee, and the hours worked by each employee, in violation of Section 11(c) of the

FLSA, 29 U.S.C. § 211(c), and the regulations promulgated pursuant to that provision,
specifically 29 C.F.R. § 516.2.

63.     Defendants also failed to display in the restaurant a poster explaining employees'
rights under the FLSA, in violation of 29 C.F.R. § 516.4.

## COUNT FOUR
### Violations of Section 15(a)(3) of the FLSA—Unlawful Retaliation

64.     The Secretary incorporates by reference and re-alleges all of the foregoing
allegations in this Complaint.

65.     In violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), Defendants
retaliated against certain of their employees who cooperated or were about to cooperate with the
Secretary's investigation, including by ordering them to stay away from the restaurant when the
investigator was present, instructing them to lie to the investigator, and coercing them into
signing false statements.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court
enter judgment against Defendants and provide the following relief:

a.     An order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently
enjoining and restraining Defendants, their officers, agents, servants, employees, and those
persons in active concert or participation with them, from prospectively violating the Act,
including Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2),
215(a)(3), and 215(a)(5);

b.     An order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding
Defendants liable for withheld tips owed to certain of Defendants' current and former employees
listed in Exhibit A from March 23, 2018 through November 9, 2019, unpaid overtime

compensation owed to certain of Defendants' current and former employees listed in Exhibit A for the time period from November 12, 2016 through November 9, 2019, and liquidated damages equal in amount to the tips and wages found due. Additional amounts of tips, back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after November 9, 2019, and may be owed to certain current and former employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A;

c.      An order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid overtime compensation found due to Defendants' employees;

d.      An order awarding punitive damages for Defendants' retaliation against certain employees listed in Exhibit A, in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

e.      In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

f.      An order awarding the Secretary all costs of this action; and

g.      An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142


Date: December 14, 2020

Kate S. O'Scannlain
Solicitor of Labor


Maia S. Fisher
Regional Solicitor


Mark A. Pedulla
Wage and Hour Counsel


/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

U.S. Department of Labor
Attorneys for Plaintiff