UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>SWEET LEMON, INC. d/b/a SWEET LEMONS THAI RESTAURANT, and PORNTHIP NEAMPONG,<br><br>Defendants. | Civil Action No. 1:20-cv-12217-RGS<br><br>December 10, 2021 |

**SECRETARY OF LABOR'S MOTION FOR SUMMARY JUDGMENT**

Defendants Sweet Lemon, Inc. d/b/a Sweet Lemons Thai Restaurant and Pornthip Neampong (collectively, "Defendants") have admitted that they did not pay their employees any overtime premium, kept all tips earned by employees, failed to maintain accurate records of employees' wages and hours worked, and required employees to sign statements containing false information about their wages and tips during the United States Department of Labor's investigation. The undisputed facts therefore demonstrate that Defendants violated the overtime, tip-keeping, recordkeeping, and anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Based on Defendants' admissions, there can be no genuine dispute as to any material fact. Accordingly, Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary") is entitled to judgment as a matter of law on Defendants'

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and his pertinent predecessors will be referred to herein as the "Secretary."

1

violations of the FLSA, and the Secretary respectfully requests that this Court grant his motion for summary judgment.

In addition to summary judgment on Defendants' violations of the FLSA, the facts admitted to by Defendants establish that the Secretary also is entitled to summary judgment on: (1) the amount of overtime back wages Defendants owe their employees, which totals $130,018.33; (2) the amount of tips Defendants owe their employees, which totals $29,880.98; (3) Defendants' liability for $159,899.31 in liquidated damages, which is an amount equal to the overtime back wages and tips due; (4) the willful nature of Defendants' violations of the FLSA; and (5) Defendant Neampong's liability for $25,000.00 in punitive damages based on Neampong's retaliatory conduct. In addition, the Secretary respectfully requests that the Court enter a permanent injunction restraining Defendants from violating the FLSA in the future.

Local Rule 7.1(a)(2) Certification

The Secretary's counsel has conferred with Defendants' counsel concerning the filing of this Motion for Summary Judgment. Defendants intend to oppose this motion.

| | |
|---|---|
| Post Office Address: | Seema Nanda<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel |
| | /s/ Emily V. Wilkinson<br>Emily V. Wilkinson<br>Trial Attorney |
| Date: December 10, 2021 | wilkinson.emily.v@dol.gov<br>MA BBO No. 699512<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document, filed through the CM/ECF system on December 10, 2021, shall be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                            <u>/s/ Emily V. Wilkinson</u>
                                            Emily V. Wilkinson