# EXHIBIT 4

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, | ) |
| UNITED STATES DEPARTMENT OF LABOR, | ) |
|     PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) CIVIL ACTION NO. 1:20-cv-12217 |
| | ) |
| SWEET LEMON, INC. d/b/a SWEET | ) |
| LEMONS THAI RESTAURANT, AND | ) |
| PORNTHIP NEAMPONG, | ) |
|     DEFENDANTS, | ) |

**DEFENDANTS, SWEET LEMON, INC. D/B/A SWEET LEMONS THAI RESTAURANT,
AND
PORNTHIP NEAMPONG'S
ANSWERS TO THE PLAINTIFF, EUGENE SCALIA, SECRETARY OF LABOR'S
FIRST SET OF INTERROGATORIES**

The Defendants, Sweet Lemon, Inc. and Pornthip Neampong hereby Answer as follows to the Plaintiff, Eugene Scalia, Secretary of Labor's First Set of Interrogatories.

INTERROGATORY # 1

Identify each person likely to have discoverable information (including any alleged impeachment-related information) concerning any defense raised in your Answer or that you will seek to assert at trial, as well as the subject(s) of that information

**ANSWER # 1**

Pornthip Neampong.

INTERROGATORY # 2

Describe your time keeping and payroll practices during the Period of Investigation. In your answer, please (a) describe how and to whom employees reported their hours: (b) identify all employees who worked on and/or supervised timekeeping and/or payroll and state their role(s); and (c) identify all documents concerning such practices.

**ANSWER # 2**

Pornthip Neampong was responsible for the payroll. However, employees did not report their hours to her and documentation such as, timecards or timesheets, were not used.

INTERROGATORY # 3

Describe all changes that you made to the timekeeping and payroll practices described in your answer to Interrogatory # 2 following the commencement of the Investigation. In your answer,

1

please describe the date that you made such changes, the substance of these changes, and whether you are still implementing each such change practice today.

### ANSWER # 3

Following the commencement of the Investigation, manual time sheets were implemented. We are uncertain as to the exact date. As of, 01/01/2021, due to the deteriorating health condition of Aroon Neampong, Pornthip Neampong is no longer actively involved in the ownership and management of the Restaurant but continues to work at the restaurant as an employee.

INTERROGATORY # 4

Describe whether any documents reflecting hours worked by employees during the Time Period (e.g. payroll records, timecards, and/or employee notation of hours worked) have been altered, destroyed or lost. As part, of your answer, as accurately and completely as you can, please: (a) identify all such documentation; (b) state the approximate date(s) on which they were altered, destroyed or lost; (c) identify who altered or destroyed such documents; (d) if the documents were altered, describe how they were altered; and € described any established policies concerning destruction of payroll and/or timekeeping records.

### ANSWER # 4

No documents reflecting hours worked by employees during the Time Period were altered, destroyed or lost.

INTERROGATORY # 5

Describe how any of your payroll records were incomplete or inaccurate and identify any individuals who were aware of such incompleteness or inaccuracy during the Period of Investigation.

### ANSWER # 5

See Answer to Interrogatory # 2, above.

INTERROGATORY # 6

Describe the full extent of your present knowledge as to whether the payroll records you submitted to the U.S. Department of Labor during the investigation accurately and completely reflect all hours employees worked for each pay period therein.

### ANSWER # 6

To the best of our knowledge, the payroll records submitted to the U.S. Department of Labor during the investigation may have overstated but do not understate the number of hours worked by all employees for each pay period therein.

INTERROGATORY # 7

Describe your practice of compensating employees, in cash, including how you recorded any such payments, the reasons for paying in cash, which employees were paid in cash and whether those employees worked for each pay period therein.

### ANSWER # 7

2

The employees were paid in cash at their request. The cash payments were not recorded. The employees who were paid in cash worked in the front of the house.

INTERROGATORY # 8

To the extent you dispute the Wage & hour Division's computation of the back wages owed in the matter (as reflected on the WH-56 Form), please provide your most accurate and complete calculation of the number of hours worked by each employee on the WH-56 Form for each workweek in dispute. As part of your answer, please (a) describe how you made your calculation; (b) identify all documents on which you relied; (c) describe all non-documentary evidence on which you relied; and (d) identify all persons who contributed to your answer.

**ANSWER # 8**
We are unable to provide an alternative computation of the number of hours worked by each employee of the WHA-56 Form at this time. We will provide this information, if and when, it becomes available.

INTERROGATORY # 9

To the extent you are aware of any instances in which you paid any of your employees for hours worked not reflected on any documents that you have submitted to the U.S. Department of Labor, then, for each such instance: (a) identify the workweek and employee paid; (b) state the number of hours paid that week that are not reflected on any documents and the total amount paid for those hours; (c) state the rate(s) at which the hours were paid; and (d) identify all documents concerning your answer.

**ANSWER # 9**
We are aware of no such instances in which employee were paid for hours worked not reflected on documents that we have submitted to the U.S. Department of Labor.

INTERROGATORY # 10

Describe your practices concerning tips from 03/23/2018 to the Present. In your answer, please (a) state whether Defendant, Pornthip Neampong or Sweet Lemon kept any tips received from customers by employees; (b) describe all changes you made to your practices concerning tips following the commencement of the Investigation, including the date you made such changes, the substance of those changes and whether you are still implementing each such changed practice today; and (c) identify all documents concerning your practices concerning tips.

**ANSWER # 10**
The Defendant, Sweet Lemon, Inc. kept all of the tips received from customers by employees during the Period of Investigation. This practice was discontinued following the commencement of the Investigation. We are uncertain as to the exact date. As of 01/01/2021, due to the deteriorating health condition of Aroon Neampong, Pornthip Neampong is no longer actively involved in the ownership and management of the Restaurant but continues to work at the restaurant as an employee.

INTERROGATORY # 11

Identify all complaints made to you or any governmental body or legal actions against you, by any employees about your compensation practices, your recording of their hours worked, your

3

rates of pay for overtime hours, and/or their unpaid or under-paid wages for hours they worked for you. For each such complaint or legal action, please: (a) identify the employee making the complaint or taking the action; state the date of the complaint or action; (c) describe the substance of the complaint or action; and (d) identify all documents concerning the complaint or action.

## ANSWER # 11

None, other than the above- numbered matter.

INTERROGATORY # 12

Identify each communication in which Defendant, Pornthip Neampong or Sweet Lemon, Inc. discussed the Investigation, the U.S. Department of Labor and/or this litigation (including for example, telling employees what they should or should not say to the U.S. Department of Labor during the Investigation) with any employees.

## ANSWER # 12

None.

INTERROGATORY # 13

Describe all legitimate, non-discriminatory reasons why, on 09/20/19, Defendant, Pornthip Neampong or Sweet Lemon, Inc. instructed employees to wait outside of the Restaurant until the Wage & Hour Investigator left the Restaurant.

## ANSWER # 13

The Defendants did not instruct any employees to wait outside of the Restaurant.

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER

INTERROGATORY # 14

Describe all legitimate, non- discriminatory reasons why Defendant, Pornthip Neampong or Sweet Lemon, Inc. told employees not to work during the time that the Wage & Hour Investigator was at the Restaurant.

## ANSWER # 14

The Defendants did not tell any employees not to work during the time that the Wage & Hour Investigator was at the Restaurant.

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER

INTERROGATORY # 15

Describe all legitimate, non-discriminatory reasons why Defendant, Pornthip Neampong or Sweet Lemon, Inc. questioned employees concerning which employees were speaking with the Wage & Hour Investigator or what employees were communicating to the Wage & hour Investigator.

## ANSWER # 15

We did not question employees as to which employees were speaking with or what they were communicating to the Wage & Hour Investigator.

4

INTERROGATORY # 16

Describe all legitimate, non-discriminatory reasons why Defendant, Pornthip Neampong or Sweet Lemon, Inc. told employees to provide information to the Wage & Hour Investigator.

**ANSWER # 16**
We did not tell employees not to provide information to the Wage & Hour Investigator.

INTERROGATORY # 17

Describe all instances in which Defendant, Pornthip Neampong or Sweet Lemon, Inc. communicated with or had employees sign any documents concerning the employees tips.

**ANSWER # 17**
We had employees sign documents concerning the employees tips and provided them to the U.S. Department of Labor.

INTERROGATORY # 18

State whether prior to 09/16/2019, you were aware of the FLSA'S (a) overtime requirements; (b) tip-related provisions; and (c) record keeping provisions.

**ANSWER # 18**
We were not aware, prior to 09/16/2019, of the FLSA's overtime requirements, tip-related provisions and record keeping provisions.

INTERROGATORY # 19

Describe any effort(s) you made to determine, prior to 09/16/19, whether your pay practices conformed to the requirements of the FLSA.

**ANSWER # 19**
We relied upon our tax preparer to keep us in compliance.

INTERROGATORY # 20

State the basis for our denial in your answer of paragraph 21 of the Complaint.

**ANSWER # 20**
While we now understand that our previous wage & hour practices as to tips may have violated the FLSA, we do not consider our actions to have been improper as it allowed the front of the house employees to earn more money than they would have if they had to rely upon tip money during the slower days of the workweek.

INTERROGATORY # 21

State the basis for your denial in your Answer to paragraph 25 of the complaint.

**ANSWER # 21**

While we now understand that our previous wage & hour practices as to overtime may have violated the FLSA, we remain uncertain as to the number of hours involved and the documentation previously provided to the U.S. Department of Labor may have overstated but not understated the number of hours involved.

INTERROGATORY # 22

State the basis for your denial in your Answer to paragraph 26 of the complaint.

**ANSWER # 22**
It is not true that all of the back of the house employees were paid in cash. It is true that employees in the back of the house received cash advances against their pay. However, all back of the house employees were paid, by check, once a month.

INTERROGATORY # 23

State the basis for your denial of paragraph 51 of the Complaint

**ANSWER # 23**
See Answers to Interrogatories # 13, 14 and 15, above.

INTERROGATORY # 24

State the basis for your denial in your answer of paragraph 52 of the Complaint.

**ANSWER # 24**
See Answers to Interrogatories # 16 and 17, above. In addition, the statement signed by the employees were not false or intended to be false. Rather they were intended to reflect the fact that the tips were being retained by us.

INTERROGATORY # 25

If you do not fully admit Request for Admission # 2 in the Secretary's First Set of Requests for Admissions in this matter, state the basis for your denial or non-admission.

**ANSWER # 25**
Admitted.

INTERROGATORY # 26

If you do not full admit Request for Admission # 6 in the Secretary's First Set of Requests for Admissions in this matter, state the basis for the denial or non-admission.

**ANSWER # 26**
Admitted.

INTERROGATORY # 27

If you do not fully admit Request for Admission # 7 in the Secretary's First Set of Requests for Admissions in this matter, state the basis for the denial or non-admission.

6

## ANSWER # 27

Admitted.

INTERROGATORY # 28

If you do not fully admit Request for Admission # 13 in the Secretary's First Set of Requests for Admissions, state the basis for the denial or non-admission.

## ANSWER # 28

See Answer to Interrogatory # 13, above.

INTERROGATORY # 29

If you do not fully admit Request for Admission # 14 in the Secretary's First Set of Request for Admissions, state the basis for the denial or non-admission.

## ANSWER # 29

The basis for the denial is that the allegation is not true.

INTERROGATORY # 30

If you do not fully admit request for Admission # 17 in the Secretary's First Set of Requests for Admissions, state the basis for your denial or non-admission.

## ANSWER # 30

Admitted.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___25th___ DAY OF
JULY 2021.

Sweet Lemon, Inc.
By:
Pornthip Neampong
Treasurer

8

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___25th___ DAY OF
JULY 2021.

_____
Pornthip Neampong