UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-12217-RGS

MARTIN J. WALSH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

v.

SWEET LEMON, INC. d/b/a SWEET LEMONS THAI RESTAURANT,
and PORNTHIP NEAMPONG

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

January 4, 2022

STEARNS, D.J.

Before the court is the motion filed on behalf of Martin J. Walsh, the U.S. Secretary of Labor (the Secretary), seeking summary judgment against defendants Sweet Lemon, Inc., and Pornthip Neampong. The Secretary – armed with a detailed and well-supported statement of material facts – alleges that defendants violated the overtime, tip-keeping, recordkeeping, and anti-retaliation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* After careful consideration of the Secretary's brief and statement of material facts, the court will grant the Secretary's motion.

Local Rule 56.1 states that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Despite the court's order giving defendants to December 31, 2021, to file their opposition to the Secretary's dispositive motions, *see* Dkt # 13, neither has. Accordingly, the factual assertions presented by the Secretary in his statement of material facts will be considered admitted for the purposes of this motion.

"Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant, 'presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 21 (1st Cir. 2018), quoting *McKenney v. Mangino*, 873 F.3d 75, 80 (1st Cir. 2017). On the present record, given the absence of any genuine dispute of material fact, the Secretary is entitled to compensatory damages, liquidated damages, and injunctive relief. The court will briefly discuss the Secretary's request for punitive damages, an unsettled issue in the First Circuit regarding retaliation claims under the FLSA.

Section 16(b) of the FLSA provides that any employer who unlawfully retaliates against an employee in violation of 29 U.S.C § 215(a)(3) (section 15(a)(3)) "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of" the anti-retaliation provision. 29 U.S.C. § 216(b). As the Secretary points out, several courts – including this one – have concluded that punitive damages are available in cases involving egregious violations of section 15(a)(3). *See, e.g.*, *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-112 (7th Cir. 1990) ("'[L]egal' relief [is] a term commonly understood to include compensatory and punitive damages."); *Scalia v. JKA Constr., Inc.*, No. 20-cv-11944-RGS, Dkt # 44 (D. Mass. June 29, 2021) (awarding punitive damages in section 15(a)(3) claim against defaulted defendants). This result is consistent with the First Circuit's allowance of punitive damages in cases involving the willful or wanton violation of a plaintiff's statutory or constitutional rights. *See McDonough v. City of Quincy,* 452 F.3d 8, 24 (1st Cir. 2008) (punitive damages may be appropriately awarded in employment discrimination cases in which the employer is shown to have been acting in knowing violation of federal law); *Che v. Mass Bay Transp. Auth.*, 342 F.3d 31, 41 (1st Cir. 2004) ("[A]cts of intentional discrimination are just the sort of conduct that punitive damages are aimed to deter."). *Cf. CEH, Inc. v. F/V Seafarer*, 70

3

F.3d 694, 699 (1st Cir. 1995) ("[P]unitive damages have long been recognized as an available remedy in general maritime actions where defendant's intentional or wanton and reckless conduct amounted to a conscious disregard of the rights of others.").

The court agrees with the Secretary that the First Circuit's Title VII jurisprudence is instructive for the purposes of determining the availability of punitive damages awards in the FLSA context. *See Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997) ("We regard Title VII, ADEA, ERISA, and FLSA as standing *in pari passu* and endorse the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another."). Punitive damages are available under Title VII where an employer engages in intentional discrimination "with malice or reckless indifference to *the plaintiff's federally protected rights*." *Che*, 342 F.3d at 41, quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999) (emphasis in original). "[W]hen an employer retaliates against an employee because the employee engages in conduct that is protected by well-established federal civil rights statutes, a [factfinder] could . . . fairly infer that the employer harbored malice or indifference towards those civil rights." *Id.* at 41-42.

Here, there is no dispute that defendants retaliated against their employees by instructing certain servers to sign false statements about their

4

wages and tips, *see* Pl.'s Statement of Material Facts (SMF) (Dkt # 21) ¶¶ 72-74, and asking employees if they had spoken to a Department of Labor investigator, *see id.* ¶ 71, in the belief that these employees were involved in an ongoing federal investigation into defendants' employment practices, *id.* ¶ 70.  Because defendants were acting with (at least) "reckless indifference" to their employees' federally protected rights under the FLSA, *Che*, 342 F.3d at 41, punitive damages are appropriately awarded.[1]

## ORDER

For the foregoing reasons, the court ALLOWS the Secretary's motion for summary judgment.  The Secretary is entitled to an award of $130,018.33 in back wages owed because of overtime pay violations, $29,880.98 in withheld employee tips, and $25,000 in punitive damages.  Defendants are permanently ENJOINED from committing any future violations of the overtime, recordkeeping, and anti-retaliation provisions of the FLSA.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] The court further concludes that the $25,000 punitive award sought by the Secretary – less than 8% of the damages sought in back taxes, tips, and liquidated damages – is reasonable and appropriately calibrated under the guideposts erected by the Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559, 575 (1996).