UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EUGENE SCALIA, Secretary of Labor,

United States Department of Labor,

Plaintiff,

vs.

SWEET LEMON, INC. d/b/a SWEET

LEMONS THAI RESTAURANT and

PORNTHIP NEAMPONG,

Defendant,

Civil Action # 1:20-cv-12217-RGS

**DEFENDANT, SWEET LEMON, INC. AND PORNTHIP NEAMPONG'S MOTION TO VACATE JUDGMENT DATED JANUARY 4, 2022, PURSUANT TO F.R.C.P. 60 (b) (1), AND TO EXTEND UNTIL FRIDAY, JANUARY 14, 2022, THE DEADLINE FOR THE DEFENDANTS, SWEET LEMON, INC. AND PORNTHIP NEAMPONG TO FILE THEIR OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

NOW COME, Sweet Lemon, Inc. and Pornthip Neampong, Defendants, in the above captioned matter, who move, by and through their counsel, pursuant to F.R.C.P. 60 (b) (1), that this Honorable Court vacate its Judgment dated January 4, 2022 and to extend until Friday, January 14, 2022 the deadline for the Defendants, Sweet Lemon, Inc. and Pornthip Neampong to file their Opposition to Plaintiff's Motion for Summary Judgment for the reasons and upon the grounds stated in the Declaration of Attorney Jack P. Milgram and the Memorandum of Law attached hereto and incorporated herein.

                                Respectfully Submitted,

                                Sweet Lemon, Inc.

                                Pornthip Neampong,

                                Defendants,

                                By Their Attorney,

                                /s/ Jack P. Milgram, Esq.

                                Law Offices of Jack P. Milgram

                                21 McGrath Highway, # 203

                                Quincy, MA. 02169

                                (617)-227-0878

                                BBO # 564755

                                jackp.milgram@verizon.net

Dated: January 4, 2022

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EUGENE SCALIA, Secretary of Labor,

United States Department of Labor,

Plaintiff,

vs.                                                  Civil Action # 1:20-cv-12217-RGS

SWEET LEMON, INC. d/b/a SWEET

LEMONS THAI RESTAURANT and

PORNTHIP NEAMPONG,

Defendant,

### DECLARATION OF ATTORNEY JACK P. MILGRAM

NOW COMES, Attorney Jack P. Milgram, and upon his oath, deposes and states the following:

1. My name is Attorney Jack P. Milgram.

2. My office address is 21 Mayor Thomas J. McGrath Highway, # 203, Quincy, MA. 02169

3. I have been a member of the Massachusetts Bar since 1993.

4. I am counsel of record for the Defendants, Sweet Lemon, Inc. and Pornthip Neampong.

5. On Friday, December 10, 202, I was served with a copy of Plaintiff's Motion for Summary Judgment and related papers.

6. At all times material, subsequent to Friday, December 10, 2021, I have been working diligently in preparing Defendants Opposition to Plaintiff's Motion for Summary Judgment keeping counsel for the Plaintiff informed of the intentions of the Defendants.

7. Specifically, I sent an email to counsel for the Plaintiff on Thursday, December 23, 2021 inquiring as to whether or not the Plaintiff intended to respond to Defendants offer of

settlement made on Wednesday, December 10, 2021, as well as requesting a two week extension for the Defendants to respond to Plaintiff's Motion for Summary Judgment which extension was agreed upon by counsel for the Plaintiff on Tuesday, December 28, 2021. Furthermore, on Tuesday, December 28, 202, I sent another email to counsel for the Plaintiff requesting a WORD Version of Plaintiff's Statement of Undisputed Material Facts which counsel for the Plaintiff then forwarded to me on Monday, January 3, 2022. See E-Mails true and accurate copies of which are attached hereto and incorporated herein and marked Exhibit 1.

8. Unfortunately, while I have spent many hours conducting legal research and working on a draft of Defendants Memorandum of Law in Support of Their Statement in Opposition to Plaintiff's Motion for Summary Judgment, I neglected to file with this Honorable Court the motion requesting the agreed upon two week extension for the filing of the Defendants Opposition to Plaintiff's Motion for Summary Judgment prior to the Friday, December 31, 2021, deadline.

SIGNED UNDER THE PAINS AN DPENLTIES OF PERJURY THIS 4TH DAY OF JANUARY, 2022

/s/ Jack P. Milgram

_____

Jack P. Milgram

# EXHIBIT 1

| | |
|---|---|
| **Subject** | RE: Scalia vs Sweet Lemon, Inc., et al |
| **From** | Wilkinson, Emily V - SOL <Wilkinson.Emily.V@dol.gov> |
| **To:** | Jack Milgram <jackp.milgram@verizon.net> |
| **Date** | Jan 3 at 8:53 AM |

Dear Jack:

Attached, please find the Secretary's Statement of Undisputed Material Facts as a Word document.

Thank you,
Emily

Emily V. Wilkinson
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Suite E-375
Boston, MA 02203
(617) 565-2532
Pronouns: she, her, hers

*Until further notice, please direct all communications to me via phone or email. Please do not send correspondence by paper mail, courier, or fax to the Boston Solicitor's Office.*

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.

**From:** Jack Milgram <jackp.milgram@verizon.net>
**Sent:** Tuesday, December 28, 2021 6:33 PM
**To:** Wilkinson, Emily V - SOL <Wilkinson.Emily.V@dol.gov>
**Subject:** Re: Scalia vs Sweet Lemon, Inc., et al

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email

responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear Attorney Wilkinson:

Thank you for your email.
At your convenience kindly forward to me a WORD version of your client's Statement of Undisputed Material Facts.
Thank you.

Jack

Sent from the all new AOL app for iOS

On Tuesday, December 28, 2021, 6:22 PM, Wilkinson, Emily V - SOL <Wilkinson.Emily.V@dol.gov> wrote:

Dear Jack:

I will be back in touch soon regarding your clients' counter-offer. In the meantime, I will consent to your request for a two-week extension of the deadline to oppose the Secretary's Motion for Summary Judgment.

I hope you have a healthy, safe, and happy New Year.

Thanks,
Emily

Emily V. Wilkinson
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Suite E-375
Boston, MA 02203
(617) 565-2532
Pronouns: she, her, hers

**Until further notice, please direct all communications to me via phone or email. Please do not send correspondence by paper mail, courier, or fax to the Boston Solicitor's**

Office.

**From:** Jack Milgram <jackp.milgram@verizon.net>
**Sent:** Thursday, December 23, 2021 10:35 AM
**To:** Wilkinson, Emily V - SOL <Wilkinson.Emily.V@dol.gov>
**Subject:** Scalia vs Sweet Lemon, Inc., et al

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear Attorney Wilkinson:

I hope this email finds you well.

Does your client intend to respond to my clients offer of settlement?

In addition, if we can not resolve this matter my clients would be requesting a two, (2) week extension of time to respond to your clients Motion for a Summary Judgment as are hope was to resolve this matter and not respond to said motion.

We look forward to hearing from you.

Thank you.

Jack

Sent from the all new AOL app for iOS

 3 -- Sweet Lemon -- SUMF (FINAL)....

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EUGENE SCALIA, Secretary of Labor,

United States Department of Labor,

Plaintiff,

vs.

SWEET LEMON, INC. d/b/a SWEET

LEMONS THAI RESTAURANT and

PORNTHIP NEAMPONG,

Defendant,

Civil Action # 1:20-cv-12217-RGS

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, SWEET LEMON, INC. AND PORNTHIP NEAMPONG'S MOTION TO VACATE JUDGMENT PURSUANT TO F.R.C.P. 60 (b) (1) AND TO EXTEND UNTIL FRIDAY, JANUARY 14, 2022 THE DEADLINE FOR THE DEFENDANTS TO FILE THEIR OPPOSITON TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

Legal Standard

The criteria for Rule 60(b) relief are well settled. A party seeking relief must demonstrate "that his motion is timely, that exceptional circumstances exist, favoring extraordinary relief, that if the Judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Nansamba vs. N. Shore Med. Cir., Inc. 727 F. 3d 33, 37 (1st Cir. 2013).

Under F.R.C.P. 60 (b), a court, on motion, may relieve a party from a final judgment based on one of the six reasons delineated in the rule. F.R.C.P. 60 (b) (1)-(6)."For relief based on excusable neglect under F.R.C.P. 60 (b) (1) at a bare minimum, a parry must offer a convincing explanation as to why the neglect was excusable." Id. at 39. Deciding what constitutes excusable

neglect is a case specific exercise, which requires an equitable determination taking into account the entire facts and circumstances surrounding the party's omission." Rivera-Velazquez vs. Hartford Steam Boiler Inspection & Ins. Co., 2014 WL 1613686 at 2 (1st Cir. 2014).

Argument.

Applying the above cited rules to the case at bar, it is clear that the Defendant, Sweet Lemon, Inc. and Pornthip Neampong's Motion to Vacate Judgment Pursuant to F.R.C.P. 60 (b) (1) should be allowed.

Timeliness and Prejudice.

Initially, there is no argument that the motion has been timely filed as it was filed the same day that the Judgment entered. Similarly, there can be no argument that the allowance of the motion will not result in unfair prejudice to the Plaintiff as the Plaintiff had previously agreed to a two week extension, up until and through, Friday January 14, 2022, for the Defendants, Sweet Lemon, Inc. and Pornthip Neampong to file their Opposition to Plaintiff's Motion for Summary Judgment.

Excusable Neglect.

In addition, this is not a situation where counsel for the Defendants remained silent without communicating with opposing counsel during the pendency of the Plaintiff's Motion for Summary Judgment. At all times material, counsel for the Defendants has been working diligently in preparing Defendants Opposition to Plaintiff's Motion for Summary Judgment keeping counsel for the Plaintiff informed of the intentions of the Defendants.

Specifically, counsel for the Defendants sent an email to counsel for the Plaintiff on Thursday,

December 23, 2021 inquiring as to whether or not the Plaintiff intended to respond to Defendants offer of settlement made on Wednesday, December 10, 2021 as well as requesting a two week extension for the Defendants to respond to the Plaintiff's Motion for Summary Judgment which extension was agreed to by counsel for the Plaintiff on Tuesday, December 28, 2021. Furthermore, on Tuesday, December 28, 2021 counsel for the Defendants sent another email to counsel for the Plaintiff requesting a WORD Version of Plaintiff's Statement of Undisputed Material Facts which counsel for the Plaintiff then forwarded to counsel for the Defendants on Monday, January 3, 2022.

Unfortunately, while counsel for the Defendants has spent many hours conducting legal research and working on a draft of Defendants Memorandum of Law in Support of Their Statement in Opposition to Plaintiff's Motion for Summary Judgment, he neglected to file with this Honorable Court the motion requesting the agreed upon two week extension for the filing of the Defendants Opposition to Plaintiff's Motion for Summary Judgment prior to the Friday, December 31, 2021 deadline.

Potentially Meritorious Defenses

Lastly, while the Defendants concede that there was violation of the overtime, tip-keeping and record keeping provisions of the F.L.S.A., at the same time said Defendants do not concede and have potentially meritorious defenses as to whether or not these violations were willful as well as whether or not the Defendants violated the anti-retaliation provision of the F.L.S.A.

Willfulness of Any Violations of the F.L.S.A.

It has been previously held that an employer's violation of the F.L.S.A. may be willful when there has been a prior investigation of the of the employer by the Department of Labor which has resulted in prior warnings without a change in compliance by the employer. Reich vs.

Newspapers of New England, Inc., 44 F.3d 1060, 1080 (1st Cir 1995). In addition, it has been previously held that an employer's violation of the F.L.S.A. may be willful when an employer has ignored repeated employee complaints about violations of the F.L.S.A. Marcus vs. American Contract Bridge League, Inc., United States District Court for the District of Massachusetts, Civil Action # 17-11165 at 18 (D. Mass. April 24, 2021). Furthermore, it has been previously held that an employer's violation of the F.L.S.A. may be willful when the employer indicated its awareness of its obligations under the F.L.S.A., by operation of law, when the employer failed to respond to a Statement of Undisputed Material Facts as part of Plaintiff's Motion for Summary Judgment. Scalia vs. Beleco, Inc., et al United States District Court for the District of Massachusetts, Civil Action # 20-CV-10444 at 10 n.1 (D. Mass. July 19, 2021).

However, in the case at bar, there is no evidence before this Honorable Court of any prior investigations of the Defendants by the Department of Labor or of any employee complaints to the Defendants of violations of the F.L.S.A. prior to the Department of Labor investigation Furthermore, as demonstrated by the email from counsel for the Defendants to counsel for the Plaintiff, on Tuesday, December 27, 2021, it is not the intention of the Defendants not to respond to Plaintiff's Statement of Undisputed Material Facts.

Clearly, in light of the above, there are genuine issues of material facts as to willfulness.

Violations of the Anti-Retaliation Provision of the F.LS.A.

It has been previously held that the actions of an employer may violate the Anti-Retaliation Provisions of the F.L.S.A. when it required employees to attend mandatory meetings, answer questions about a Department of Labor Investigation and then compelled the employees to sign declarations. Acosta vs. Austin Elec. Services, LLC, 322 F. Supp. 3d 951, 953 (2018). Acosta vs Southwest Fuel Management, Inc. et al, United States District Court for the Central District of California, Civil Action # 16-Cv-4547 at 2 (C.D. Cal. February 2, 2018).

However, in the case at bar, there is no evidence before this Honorable Court that the three employees who signed declarations were required to attend mandatory meetings prior to signing the declarations, were required to answer questions about the Department of Labor investigation prior to signing the declarations, or were coerced into signing the declarations or were deterred from speaking with any of the Department of Labor investigators. Similarly, there is no evidence before this Honorable Court that an inquiry by the employer of a single employee as to whether or not that employee had spoken to the Department of Labor investigator deterred this employee from speaking to said investigator.

Clearly, in light of the above, there are genuine issues of material facts as to retaliation.

Conclusion.

For all of the above stated reasons, Defendant, Sweet Lemon, Inc. and Pornthip Neampong's Motion to Vacate Judgment Pursuant to F.R.C.P. 60 (b) (1) and to Extend Until Friday, January 14, 2022 the Deadline for the Defendants to file Their Opposition to Plaintiff's Motion for Summary Judgment should be allowed.

        Respectfully Submitted,

        Sweet Lemon, Inc.

        Pornthip Neampong,

        Defendants,

        By Their Attorney,

        /s/ Jack P. Milgram

        Law Offices of Jack P. Milgram

        21 McGrath Highway, # 203

        Quincy, MA. 02169

        617-227-0878

        BBO # 564755

        jackp.milgram@verizon.net

Dated: January 4, 2022

## CERTIFICATE OF SERVICE

I, JACK P. MILGRAM, ESQ., hereby certify and return that this document filed through the CM/ECF system on January 4, 2022 shall be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Jack P. Milgram

_____

Jack P. Milgram